IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MALEK M. SHARIF,<br><br>    Plaintiff,<br><br>  v.<br><br>ALBERTO R. GONZALES, U.S. Attorney General, in his official capacity; DR. EMILIO T. GONZALEZ, Directed of the United States Citizenship and Immigration Services, in his official capacity; DAVID N. STILL, San Francisco District Directed of the United States Citizenship and Immigration Services, in his official capacity; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, in his official capacity.<br><br>    Defendants. | No. C06-05512 MJJ<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Pending before the Court is Plaintiff Dr. Malek M. Sharif, Ph.D.'s Petition for Hearing on Naturalization Pursuant to 8 U.S.C. § 1447(b). For the following reasons, the Court orders Defendants to show cause why the Court should not adjudicate the matter or why the United States Citizenship and Immigration Services ("USCIS") has not ruled on Plaintiff's application.

## FACTUAL BACKGROUND

Sharif is a citizen of Iran and has been a lawful permanent resident of the United States since 1969 (M. Sharif Decl. at 3). Sharif has been married to a United States citizen since 1968 and has two children, both United States citizens (*id.*). Sharif holds several degrees of higher education from

1  United States schools (*id.*).

2  On May 11, 2001, Sharif applied to the INS[1] for naturalization (*id.*; M. Sharif Ex. A; M.
3  Sharif Ex. E). On September 2, 2001, Sharif was fingerprinted pursuant to his application (*id.*; M.
4  Sharif Exs. B-C). On May 24, 2002, Sharif was fingerprinted again (M. Sharif Decl. at 3). On July
5  1, 2003, Sharif was examined at the USCIS office in San Francisco, California (*id.* at 4). The INS
6  subsequently notified[2] Sharif that he had passed tests in English, United States history and
7  government, but that a decision had not yet been made regarding his application (M. Sharif Decl. at
8  4; M. Sharif Ex. H). On July 15, 2003, Sharif made a written inquiry to the USCIS San Francisco
9  District Office regarding the status of his application (*id.*; M. Sharif Decl. Ex. I). On July 21, 2003,
10 the Citizenship Unit of the USCIS San Francisco office informed Sharif the only pending part of his
11 application was an "FBI name check," and that upon clearance, he would be scheduled for an "oath
12 ceremony." (*Id.* at 4).

13 On July 19, 2004, Sharif submitted a new inquiry about the status of his application to the
14 USCIS San Francisco office (*id.*). Sharif never received a response (*id.*). In September 2004, Sharif
15 had his fingerprints taken for a third time (*id.*).

16 On July 22, 2005, USCIS San Francisco District Director David N. Still notified Sharif that
17 Sharif's application was still pending "completion of all necessary background checks." (*Id.*).

18 On August 15, 2005, Sharif inquired in person at the USCIS San Francisco office, where he
19 was told that his FBI background checks had not been completed (*id.* at 4-5). On August 19, 2005,
20 Sharif's wife, Alicia Sharif, wrote a letter to Congressman Tom Lantos seeking assistance in the
21 matter. (*id.* at 4-5; A. Sharif Decl. ¶ 4; A. Sharif Ex. A).

22 In September 2005, the Sharifs began using the USCIS online case status information service
23 (M. Sharif Decl. at 5). However, no information regarding Sharif's application was available (*id.*).
24 Subsequent checks to the USCIS website have been unsuccessful (*id.*). That same month, the
25 Sharifs made further inquiries to the USCIS San Francisco office, where they were told Sharif's

---

27 [1] The INS is now known as the United States Citizenship and Immigration Services or USCIS.

28 [2] The date of the notice is not specified on the letter. However, it does state that Sharif passed his exams on July 1, 2003.

2

1 background check was still pending (*id.*).

2 On September 14, 2005, Sharif's counsel made a written inquiry to the USCIS San Francisco
3 office regarding Sharif's application (*id.*; Perez-Guerrero Decl. ¶ 2; Perez-Guerrero Ex. A). Counsel
4 did not receive a response. (M. Sharif Decl. at 5). On September 22, 2005, Sharif's counsel
5 contacted the FBI regarding the status of Sharif's background check (*id.*). Counsel was informed
6 that Sharif's fingerprints had been processed and completed on September 7, 2004, and returned to
7 the INS (*id.*; Perez-Guerrero Decl. ¶ 3). Counsel was also informed a separate office was
8 responsible for processing name checks (*id.*). Counsel contacted the second office, where she was
9 provided with an e-mail address and instructions to send an e-mail inquiry (*id.*; Perez-Guerrero Decl.
10 ¶ 4). On October 18, 2005, counsel e-mailed the FBI regarding Sharif's name check but never
11 received a response. (M. Sharif Decl. at 5). Sharif's counsel made a renewed inquiry with the FBI
12 in August 2006 to no avail (*id.* at 5-6). Sharif thereafter filed the instant Petition.

## LEGAL STANDARD

14 An applicant for naturalization may apply to a United States District Court for a hearing on
15 his or her naturalization application if the USCIS fails to render a determination within 120 days
16 after the date of the applicant's naturalization interview. 8 U.S.C. § 1447(b). The District Court
17 may either determine the matter or remand with instructions. *Id*. If the matter is pending in district
18 court, USCIS lacks jurisdiction to adjudicate the naturalization application. *United States v.*
19 *Hovsepian*, 359 F.3d 1144, 1160-61 (9th Cir. 2004).

## ANALYSIS

21 USCIS has failed to render any decision on Sharif's application. Because Sharif resides
22 within the Court's district, more than 120 days have passed since Sharif's examination, and USCIS
23 has failed to issue a decision on Sharif's application, this Court has jurisdiction over Sharif's case. 8
24 U.S.C. § 1447(b). The Court may either remand the case to USCIS with instructions or rule on
25 Sharif's application. *Id*.

**CONCLUSION**

Based on the foregoing, the Court hereby orders Defendants to show cause as to why the Court should not adjudicate Sharif's Application and to explain why USCIS has not yet ruled on Sharif's Application. Defendants shall file their response within 25 days of this Order.

**IT IS SO ORDERED.**

Dated:       10/04/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE